IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **OMAR EWIDEH and NIVERTITI GEAITH,** | : | |
| *Plaintiffs* | : | **CIVIL ACTION** |
| | : | |
| v. | : | |
| | : | |
| **HOMESITE INSURANCE CO. OF THE MIDWEST** *et al.*, | : | |
| *Defendants* | : | **No. 23-2590** |

### MEMORANDUM

PRATTER, J.                                                                 JANUARY 23, 2024

Omar Ewideh and Nivertiti Geaith, proceeding *pro se*, sued Homesite Insurance Company of the Midwest and a number of other defendants over an insurance dispute regarding losses to Mr. Ewideh and Ms. Geaith's residence located in York, Pennsylvania. James J. Walsh and Suzanne R. Fisher, the attorneys for Homesite and who are also named as defendants, aver that Mr. Ewideh specifically has acted in an abusive manner since the original dispute arose. At this stage, Mr. Walsh and Ms. Fisher have filed a motion for enforcement of civility and ask the Court to intervene to underscore the requirement that the *pro se* plaintiffs act in an appropriate manner. Based on the e-mail communications evidence presented to the Court, the averments regarding what Mr. Ewideh has stated on the phone, coupled with Plaintiffs' blatant disregard of the Court's notice setting a hearing on the pending motion, the Court agrees that Plaintiffs are abusive of their opponents and disrespectful of the Court. The Court grants the Motion for Enforcement of Civility and warns Mr. Ewideh to alter his conduct for the remainder of this litigation. Failure to do so likely will lead to future sanctions against him.

1

## Background

Mr. Ewideh and Ms. Geaith allege that they suffered casualty losses at their property on April 5, 2022, and the fall of 2022 largely due to sustained wind damage. The plaintiffs allege that their insurer, Homesite, and its attorneys did not properly handle the sustained losses and that the defendants violated their "duty to defend." The plaintiffs sued Homesite, its attorneys James J. Walsh and Suzanne R. Fisher, and other parties handling the insurance claim process for breach of contract, violation of the Fair Housing Act, bad faith, tortious interference, civil conspiracy, civil racketeering, libel, and slander.

This is not the only lawsuit involving these parties. Mr. Ewideh and Ms. Geaith filed a lawsuit against many of the same defendants in the Middle District of Pennsylvania prior to filing their case before this Court. *Ewideh et al. v. Homesite Ins. Co. of the Midwest et al*, No. 23-cv-00812 (M.D. Pa. 2023). Homesite filed its own suit against Mr. Ewideh and Ms. Geaith seeking a declaratory judgment. *Homesite Ins. Co. of the Midwest v. Ewideh et al.*, No. 1:22-cv-1664-JKM-MCC (M.D. Pa. 2022).

In the case before this Court, Mr. Walsh and Ms. Fisher and their law firm Cipriani & Werner, P.C. filed a "motion for enforcement of civility." The attorneys aver that Mr. Ewideh specifically "made several irrelevant, offensive, profane, threat[en]ing, and personally insulting comments" when the attorneys received a phone call from Mr. Ewideh ostensibly about a settlement demand. Among these comments, Mr. Ewideh allegedly called Ms. Fisher "a racist b*tch"; made references to Adolf Hitler in connection to Ms. Fisher's Jewish heritage; and called Ms. Fisher "an evil woman." A full list of Mr. Ewideh's alleged comments can be found in the attorneys' motion. *See* Mot. for Enforcement of Civility ¶¶ 6-8, Doc. No. 23. The attorneys have also included e-mail communications from Mr. Ewideh in which he stated to Ms. Fisher, "Narcissist check your voicemail," "[a] Starbucks employee could run this better," and "maybe

2

[J]udge Carlson [the judge presiding over proceedings in the Middle District] could let you into the holding cell for you to see what your life will be like when you're charged criminally for what you're doing." *Id.*, Ex. A at 1, Ex. B at 3, 7.

The Court's staff notified the parties on December 5, 2023, that a conference to discuss the motion would be held on January 10, 2024, at 4:00 p.m. in Courtroom 10B. On January 5, 2024, the Court provided a second notice rescheduling the conference to be held instead at 2:00 p.m., though the date and location did not change. Mr. Ewideh sent an e-mail message to the Court the day of the conference requesting a continuance of the hearing and stating (somewhat inconsistently with the fact of the communication to request a rescheduling) that neither he nor Ms. Geaith received notice of the hearing. The Court informed Mr. Ewideh that he was required to attend the hearing in person. Mr. Walsh and Ms. Fisher attended the conference. Neither Mr. Ewideh nor Ms. Geaith attended.

## DISCUSSION

The Court's General Procedures includes a full section devoted to "Professionalism and Civility" that instructs those who proceed before the Court to "be polite, courteous and otherwise civil to one another[.]" Judge Gene E.K. Pratter's General Pretrial and Trial Procedures at 5-6, revised Oct. 2023, https://www.paed.uscourts.gov/sites/paed/files/documents/procedures/prapol2.pdf. People proceeding before the Court are warned that "[g]ratuitous hyperbole, deliberate or reckless misstatements, [and] uncooperative attitudes . . . are deleterious to the efficient and fair conduct of litigation[.]" *Id.* at 6. The Court is also clear that such standards apply to both counsel and all *pro se* litigants. *Id.* at 5 n.1.

Here, Mr. Ewideh's actions squarely fit within the type of conduct the Court warns in its Policies & Procedures is not tolerated. Mr. Walsh and Ms. Fisher stated on the record during the hearing on the motion to enforce civility that the statements they claim Mr. Ewideh made regarding

3

Ms. Fisher are accurate as to what Mr. Ewideh stated. Such language is neither excusable nor tolerated. Although Mr. Ewideh may be frustrated by the way his insurance dispute has proceeded, that does not give Mr. Ewideh the right to use profane, anti-semitic, and egregious language to Mr. Walsh or Ms. Fisher. His language targeted at Ms. Fisher is especially noteworthy for its lack of civility and professionalism. Such language to any person, including Ms. Fisher, is not warranted under any circumstances.

Not only is Mr. Ewideh warned to no longer use such language with Mr. Walsh or Ms. Fisher, nor any other party or third party in any way connected to this litigation, but he is also warned that he must be truthful in his representations to the Court. Mr. Ewideh sent an e-mail communication to the Court on January 10, 2024, stating that he and Ms. Geaith were "request[ing] a continuance of today's hearing[,] as we [the plaintiffs] did not receive notice of the hearing[.]"

The Court is not persuaded that this is an accurate, truthful statement. The Court sent notice of the hearing on December 5, 2023. Doc. No. 26. Approximately two weeks later on December 18, 2023, Mr. Ewideh and Ms. Geaith filed a motion to strike in one of the cases pending in the Middle District of Pennsylvania. Mot. to Strike, Doc. No. 182, *Homesite Ins. Co. of the Midwest v. Geaith, et al.*, No. 1:22-cv-1664-JKM-MCC (M.D. Pa. Dec. 18, 2023). In that motion, the plaintiffs averred that "[p]resently there is a hearing scheduled before the HONORABLE Judge Pratter in the Eastern District of Pennsylvania in early January to address these allegations." *Id.* at 2. The only hearing scheduled in this litigation was the one regarding the hearing on the motion for enforcement of civility. Thus, there can be no doubt that the plaintiffs did have notice of the

4

hearing on January 10, 2024, and that the communication Mr. Ewideh sent that day to this Court was neither truthful nor accurate.[1]

The plaintiffs are reminded that any representation to the Court cannot be "presented for any improper purpose[,]" and any "factual contentions [must] have evidentiary support[.]" Fed. R. Civ. P. 11(b). A violation of Rule 11(b) may lead to the Court ordering the plaintiffs to show cause why their conduct has not violated Rule 11(b) and eventually ordering sanctions against the plaintiffs. *See* Fed. R. Civ. P. 11(c); *Martin v. Bravenec*, 627 F. App'x 310, 312 (5th Cir. 2015) ("[T]he district court may sanction a party, including a pro se litigant, under Rule 11[.]"). The plaintiffs are warned that they are "not protected from Rule 11 sanctions merely by [their] *pro se* status and that such sanctions may include monetary penalties, dismissal of [their] action, with prejudice, and vexatious filing injunctions to deter further repeated frivolous filings." *Daniel v. Goodyear Tire/Cbsd*, No. 15-11479, 2016 WL 4607739, at *6 (E.D. Mich. Aug. 8, 2016).

The Court may impose such sanctions if the plaintiffs, especially Mr. Ewideh, continue using the same type of language and characterizations that they have utilized in communicating with the attorneys in this matter, especially Ms. Fisher. "Fundamentally, 'offensive, abusive and insulting language' is precisely the type of conduct for which Rule 11 sanctions may be imposed." *Pedro v. City Fitness, LLC*, No. 15-4964, 2021 WL 5988281, at *1 n.1 (E.D. Pa. Oct. 28, 2021) (quoting *Koehl v. Bernstein*, 740 F.3d 860, 863 (2d Cir. 2014)). The Court has the inherent equitable power to impose sanctions where "a party has 'acted in bad faith, vexatiously, wantonly, or for oppressive reasons.'" *Fellheimer, Eichen & Braverman, P.C. v. Charter Techs., Inc.*, 57 F.3d 1215, 1224 (3d Cir. 1995) (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45-46 (1991)).

---

[1] Although the Court changed the time of the hearing from 4:00 p.m. to 2:00 p.m. in a notice sent on January 5, 2024, the Court did not change the date or location of the hearing. The hearing had been scheduled for January 10, 2024 since December 5, 2023.

Accordingly, Mr. Ewideh and Ms. Geaith are put on notice: any communication with any party, counsel, or anyone remotely connected to this litigation using the same type or tenor of language, threats, and characterizations thus far will not be tolerated. Should either Mr. Ewideh or Ms. Geaith, or both, continue the pattern of behavior they have already set, the Court may utilize its equitable powers or those under Rule 11 to impose sanctions on Mr. Ewideh, Ms. Geaith, or both.

## Conclusion

The litigation process is not a forum for the parties or counsel to a dispute to take the opportunity to voice unbecoming, unnecessary, and unflattering language. It is instead a vehicle to arrive to the truth and come to a peaceful and appropriate resolution based on the facts and evidence of a case. Use of the litigation process for any other purpose and with any improper language or conduct will not be tolerated by this Court. The Court grants the motion for enforcement of civility. An appropriate order follows.

BY THE COURT:

*/s/ Gene E.K. Pratter*
GENE E.K. PRATTER
UNITED STATES DISTRICT JUDGE